IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER ANN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-498 |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 13th day of August, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on August 24, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on July 13, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.   Background**

On March 14, 2014, Plaintiff Jennifer Ann Gray protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim

for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled on August 1, 2010, due to back problems, mental problems, spinal stenosis, and shoulder problems. (R.67, 84).

After being denied initially on January 7, 2015, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on August 3, 2016. (R. 40-66). In a decision dated October 14, 2016, the ALJ denied Plaintiff's request for benefits. (R. 18-39). The Appeals Council declined to review the ALJ's decision on February 28, 2017. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have

a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

## III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since August 1, 2010. (R. 23). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, lumbar degenerative disc disease with radiculopathy, obesity, dependent personality disorder, panic

4

disorder, major depressive disorder, mood disorder, generalized anxiety disorder, post-traumatic stress disorder, and mild opioid dependence. (R. 23). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 24).

The ALJ next found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she can never climb a ladder, rope or scaffold; can never crawl or balance; can only occasionally push, pull, or operate foot controls with the lower extremities; can only occasionally climb ramps and stairs; can only occasionally stoop, kneel, or crouch; will require the use of an assistive device in one hand while ambulating; must avoid all exposure to unprotected heights, dangerous machinery, and like workplace hazards; is limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks, such as those akin to requirements of work at the SVP 1 or SVP 2 levels; is limited to no work related interaction with the public, only occasional and superficial interaction with co-workers, and only occasional supervision; and is limited to a low stress work environment, which means no production rate pace work, but, rather, goal oriented work with only occasional and routine change in work setting, defining routine change as that which does not require alteration in work method. (R. 26-27).

At Step Four, the ALJ found that Plaintiff has no past relevant work, and he moved on to Step Five. (R. 33). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as document preparer, inspector, and polisher. (R. 34). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 34).

**IV.     Legal Analysis**

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not properly address certain evidence of record relevant to Plaintiff's allegations of severe back pain, the Court cannot find that Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Among Plaintiff's complaints here is that she suffers from debilitating back pain. In his decision, however, the ALJ determined that Plaintiff's pain was not as severe as she alleged. Although the ALJ noted that Plaintiff had a long history of alleged lower back pain, he

concluded that her medical records revealed a much broader functional profile than Plaintiff otherwise alleged. (R. 28). In explaining how he reached this conclusion, however, the Court finds that the ALJ did not provide an altogether accurate summary of Plaintiff's treatment records.

Specifically, the Court finds that the ALJ's analysis of Plaintiff's most recent treatment records includes certain erroneous statements which are relevant to his finding that Plaintiff's back pain was not as severe as alleged. First, the ALJ notes that Plaintiff was directed to use a lumbosacral brace, but that it was only needed for one to two hours per day. (R. 29). Review of the treatment records, however, reveals that Plaintiff was directed to use the brace "1-2 hours at a time during periods of activity." (R. 642). Moreover, the records indicate that the brace was "medically necessary to reduce pain by restricting mobility and supporting spinal muscles." (R. 642).

Additionally, the ALJ stated that Plaintiff reported "good relief" of her symptoms from "medication, injections, and use of a TENS unit." (R. 29). However, the records cited by the ALJ to support this statement indicate "good relief" only with regard to Plaintiff's having taken Percocet in 2011. (R. 252). With regard to injections she received, Plaintiff actually indicated that the injections "did help her but the relief only lasted about a week." (R. 641). As for her use of a TENS unit, Plaintiff stated that she has such a unit, "which does help her some." (R. 641). Such varied comments simply do not all equate with "good relief."

Finally, the ALJ emphasized that Plaintiff had recently denied various symptoms, including back pain, on examination. (R. 29). Upon review of the record cited by the ALJ as the source of such information, however, the Court cannot agree with the ALJ's statement. Instead, the Court points out that the record at issue clearly indicates that "the patient states her pain is in

7

her lower back which radiates to bilateral hips and down bilateral legs." (R. 641). That record also states that Plaintiff's "back pain is burning and shooting" and that her "pain has been going on for about 8 years." (R. 641). Thus, the Court finds that the statement that Plaintiff "denied" back pain is a mischaracterization of the evidence of record.[1]

Accordingly, the Court finds that the ALJ's discussion and evaluation of Plaintiff's alleged back pain, which is relevant to the ALJ's RFC determination, is insufficient in this case. The Court also finds that the ALJ's explanation calls into question the appropriateness of his RFC finding, and the RFC formulated by the ALJ is therefore not supported by substantial evidence. While the ALJ is certainly permitted to find Plaintiff's back pain to be less severe than alleged, the Court finds that the ALJ's justification for such conclusion is simply insufficient here. Thus, remand is required to allow for further discussion as to the ALJ's evaluation of the evidence in this regard and his ultimate formulation of Plaintiff's RFC.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record. Further, the ALJ should verify that his conclusions concerning Plaintiff's RFC—as well as his findings regarding the credibility of all of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

## V.     Conclusion

In short, because the ALJ failed to properly address the evidence of record concerning Plaintiff's alleged back pain, the Court finds that substantial evidence does not support the ALJ's

---

[1] The Court notes that the "ROS" section of the record cited by the ALJ is somewhat confusing in that it lists Plaintiff as having complained of "no myalgia, neck pain, soft tissue swelling, or joint pain and **back pain**." (R. 641, bold in original). It appears from reading the document as a whole that the various symptoms listed in bold may actually indicate positive complaints, but, regardless, the full detailed text section clearly reveals that Plaintiff continued to complain of serious back pain.

8

RFC determination, and his ultimate decision, in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch  
United States District Judge

ecf: Counsel of record